In re Kenneth E. REASONER, Debtor.

**SOUTHWEST NATIONAL BANK, Plaintiff,**

v.

**Kenneth E. REASONER, Defendant.**

**Bankruptcy No. 485–01147–LO–7. Adv. No. 486–0050.**

United States Bankruptcy Court, W.D. Louisiana.

Aug. 7, 1986.

Thomas G. Gruenert, New Orleans, La., for Southwest Nat. Bank.

James E. Mouton, Lafayette, La., for Kenneth Reasoner.

### Reasons for Judgment

RODNEY BERNARD, JR., Bankruptcy Judge.

This matter is before the court upon cross-motions for summary judgment. Complainant Southwest National Bank (Bank) was represented by Thomas G. Gruenert. Defendant, Kenneth E. Reasoner (Debtor) was represented by James E. Mouton. The action was commenced by a complaint seeking to deny the discharge and to determine dischargeability of a debt due Bank.

Bank filed its motion for summary judgment denying the discharge on the grounds that the debtor failed to keep books and records sufficient to ascertain the debtor's financial condition or business transactions pursuant to 11 U.S.C. 727(a)(3) and as a result thereof is unable to explain satisfactorily the loss or deficiency of assets to meet the Debtor's liabilities which is a ground for denial of discharge under 11 U.S.C. 727(a)(5).

In his cross-motion for summary judgment, Debtor alleges that no factual controversy exists but denies that the debtor failed to keep or preserve records nor to explain the loss of assets.

Debtor is correct that no factual controversy exists. The parties are in agreement as to what records were kept by Debtor which leaves only the legal issue concerning the sufficiency of the records, for determination by the court. The other issue presented is whether or not the debtor has satisfactorily explained the loss or deficiency of assets to meet his obligations. Here again, no factual controversy exists. The debtor has made his explanation. Whether or not it is satisfactory is the question to be answered by the court.

The debtor was an officer of the corporation, Le Meilleur Inc., which operated an art gallery in Lafayette, Louisiana. This corporation was indebted to the Bank by way of collateral mortgages, the notes having been endorsed and guaranteed by Debtor. Some or all of the collateral for the loans was furnished by Debtor. The collateral in question, by way of these motions, consists of a collection of porcelain sculptures depicting various types of birds.

The facts, as gleaned from the record are as follows.

1. Debtor is indebted to Bank in the amount of $47,345.89.

2. As part of the security for this debt, Debtor mortgaged a collection of porcelain birds valued at $109,200.00.

3. Debtor sold the birds to various parties in one or more of fifty-two cities for approximately $50,000.00 in cash.

4. The proceeds of these sales were deposited in Debtor's personal checking account then, over a period of time, transferred funds to his corporation where they were expended for various purposes. All told, these expenditures amounted to $140,000.00.

5. The records of the above transactions, turned over to the Bank, consisted of deposit slips to Debtor's personal checking account and cancelled checks issued for payment of corporate debts.

6. Debtor was unable to identify, by name of purchaser description of item, or purchase price, any of the various sales made.

7. The deposit slips to purchasers checking account do not identify, in any way, the source of the funds deposited.

■ The wording of 11 U.S.C. 727(a)(3) is practically identical to Section 14(c)(2) of the old Bankruptcy Act as is the wording of 11 U.S.C. 727(a)(5) practically identical to that of Section 14(c)(7) of the Act. For this reason the Act cases decided under those subsections are applicable to the Code cases involving the grounds for denial of discharge here under consideration. Such a case was *In re The David L. German Travel Service, Inc.*, 3 BCD 1143 wherein the court set forth the guiding principles for determination of a satisfactory explanation of any loss of assets and the reasonableness of the particular records kept by the debtor. There, it cited *In re Shapiro & Ornish*, 37 F.2d 407 (5th Cir.1930):

The word "satisfactorily" ... may mean reasonable or it may mean that the court, after having heard the excuse, the explanation, has that mental attitude which finds contentment in saying that he believes that explanation—he believes what the bankrupts say with reference to the disappearance or shortage. He is satisfied. He no longer wonders. He is content.

It further cited *In re Underhill*, 82 F.2d 258 (2nd Cir.1936), as follows:

The law is not unqualified in imposing a requirement to keep books and records, and it does not require that they shall be kept in a special form of accounts. It is a question in each instance of reasonableness in the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the Act applies. (citations omitted) ... To be sure, there may be records which are not books; but it is intended that there be available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained. Records of substantial completeness and accuracy are required so that they may be checked against the mere oral statement or explanations made by bankrupt. See *International Shoe Co. v. Lewine* (C.C.A. 5th Cir.) 24 Am.B.R. (N.S.) 246, 68 F.2d 517, 518.

■ The Debtor, in the instant case argues that he was an individual employee of a corporation and, as such, was not required and should not be required to keep elaborate records; that his deposit slips and cancelled checks are all that should be required of him. This may be so in certain cases, but not here. Here, we are dealing with extremely valuable assets that were sold, according to the Debtor, for less than half of their value. They were hauled around and peddled, so to speak, in fifty-two cities across the country. Of the many sales made, the Debtor was unable or refused to name one purchaser or one purchase price. A simple notation on the deposit slip containing the name of the purchaser and a brief description of the object sold may well have been sufficient. Better yet, a cash sale invoice containing that information would · have completed the record. At least, if such records were available the complaining creditor could have initiated an investigation into the whereabouts of the missing assets and may well have been able to account for them.

The Debtor argues that in *Yolich*, 24 B.R. 10 (Bkrtcy.Fla.1982) the court found that ... "as an element of proof that if inadequate records are the objecting grounds, that the failure to keep adequate records contributed to the bankruptcy." There is no such language nor meaning in the *Yolich* decision. The only reference to the sufficiency, vel non, of the records is the following:

Similarly, the court concludes that the discharge should not be denied on the grounds that defendant failed to keep adequate records. There was no evi· dence of concealment or destruction of records and although his business

records were apparently insufficient and may have been in themselves a contributing factor to bankruptcy, the court concludes that the insufficiency was not such as to deny the debtor his discharge on those grounds.

This is a simple pronouncement by the court that although the records kept may have been insufficient, the court would not deny the discharge on that ground. The court, there, proceeded to deny the discharge on other grounds.

In this case, as in *The David L. German Travel Service, Inc., supra,* the court is not satisfied with the Debtor's explanation nor with his record keeping. This court only knows that the birds have flown, but not whither. This court is not satisfied, it is not content. There will be summary judgment in favor of plaintiff. An appropriate judgment will be signed upon submission.